Electronically Filed
10/4/2021 9:57 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Bre'Ahn Williams, Esq.
Nevada Bar No.: 15672
H&P LAW
8950 W Tropicana Ave., #1
Las Vegas, NV 89147
702 598 4529 TEL
702 598 3626 FAX
mhauf@courtroomproven.com
mpfau@courtroomproven.com
bwilliams@courtroomproven.com
Attorneys for Plaintiff

CASE NO: A-21-842089-C
Department 5

DISTRICT COURT

CLARK COUNTY, NEVADA

* * *

BREAUNA MILLER,

    Plaintiff,

vs.

FEDEX OFFICE AND PRINT SERVICES, INC.; A Foreign Corporation, DOE EMPLOYEES; ROE DISTRIBUTORS I-V; ROE MANUFACTURERS I-V; ROE DESIGNERS I-V; DOES I through X; and ROE CORPORATIONS I through X, inclusive

    Defendant.

Case No.:
Dept. No.:

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, BREAUNA MILLER, by and through her undersigned counsel at the law firm of H&P Law, and hereby complains and alleges as follows:

### JURISDICTION

1. At all times mentioned herein, Plaintiff, BREAUNA MILLER, was and is a resident of the County of Clark, State of Nevada.

2. At all times mentioned herein, Defendant, FEDEX OFFICE AND PRINT SERVICES, INC., (hereinafter "Fedex Express"), is now, and at all times herein mentioned, a Texas company, doing business at 7208 W. Lake Mead Boulevard in Las Vegas, County of Clark, State of Nevada.

3. Upon information and belief, at all times mentioned herein, Defendant EMPLOYEES DOE were and are the employees of Defendants FEDEX OFFICE AND PRINT SERVICES, INC., ROE DISTRIBUTORS, ROE MANUFACTURERS, ROE DESIGNERS, ROE CORPORATIONS and/or DOE/ROE Defendants, that caused the shelf to fall over, and are residents of Clark County, State of Nevada.

4. The true names and capacities of Defendants named herein as ROE DISTRIBUTORS I through V, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

5. The true names and capacities of Defendants named herein as ROE MANUFACTURERS I through V, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

6. The true names and capacities of Defendants named herein as ROE DESIGNERS I through V, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to the Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained.

7. The true names of DOES I through X and ROE Corporations I through X, their

citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff who therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as DOES I through X and ROE Corporations I through X, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

8. DOES I through V and ROE Corporations I through X may be employers of Defendant EMPLOYEES DOE who may be liable for Defendant EMPLOYEES DOE's negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

9. DOES VI through X and ROE Corporations VI through X may be persons or entities who placed upon the market the defective product, including but not limited to, selling of any part or component of the defective product; manufacturing of any part or component of the defective product; or placing the product in the hands of the user without adequate warning or instruction in regards to the products proper use.

10. DOE/ROE Defendants may also be any other person or entity responsible for the damages caused to Plaintiff, through actions or contract.  DOE/ROE Defendants are intended to include not only persons or entities whose actions are responsible for the Plaintiff's injuries, but also persons or entities who may be financially liable to compensate Plaintiff for her damages.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11. Upon information and belief, Defendants ROE MANUFACTURERS, ROE DISTRIBUTORS, ROE DESIGNERS, ROE CORPORATIONS and/or DOE/ROE Defendants designed and/or manufactured, in part or in whole, the shelf used to store FedEx Express outgoing packages (hereinafter "the shelf") then sent it to Clark County, Nevada to be used at FedEx Express.

12. On or about October 16, 2019, BREAUNA MILLER arrived at FedEx Express to pick up express packages.

13. BREAUNA MILLER, began to remove the packages from the shelf and stack them neatly onto her dolly.

14. While her back was turned to the shelf, stacking packages, the shelf tumbled over onto BREAUNA MILLER's body pinning her between her dolly and the shelf.

15. As the shelf fell, the board from the shelf also hit BREAUNA MILLER in the back of the head.

16. BREAUNA MILLER suffered great pain and injury to the head, neck, shoulders and other parts of her body.

**FIRST CLAIM FOR RELIEF**

**(Negligence against FEDEX OFFICE AND PRINT SERVICES, INC., DOE EMPLOYEES, DOE I through X and ROE CORPORATIONS I through X)**

17. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

18. The aforesaid incident occurred as a result of, and was proximately caused by, the careless, negligent, grossly careless, and reckless conduct of the Defendants, which consisted, inter alia, of the following particulars:

    a. Allowing Defendants' agents/employees/servants to create a dangerous hazard in an area where BREAUNA MILLER and other employees would be loading packages, without taking precautions to prevent harm to such

individuals;

b. Allowing Defendants' agents/employees/servants to choose not to remedy the dangerous hazard or warn of any hidden dangers even though they caused or had actual or constructive notice of the dangerous hazard by failing to properly place and secure the subject shelf;

c. Permitting Defendants' agents/employees/servants to maintain the shelf on the premises with an unreasonably dangerous hazard, specifically, with ensuring that the shelf was safely and properly secured to the floor, presenting a danger to unsuspecting others in the common area, including BREAUNA MILLER;

d. Failing to safely secure the shelf in the Premises to prevent a foreseeable harm to people in the common area, including BREAUNA MILLER;

e. Failing to maintain the shelf as obligated by the Defendants in good and safe condition for the BREAUNA MILLER and others;

f. Failing otherwise to comply with the applicable laws and regulations of the State of Nevada and the applicable Federal laws and regulations;

g. Otherwise failing to exercise the degree of care required under the circumstances;

h. Knocking the shelf over on to BREAUNA MILLER; and

i. Otherwise, being negligent.

19. Defendants owed a duty of care to BREAUNA MILLER to properly secure the shelf, in a careful, responsible, and reasonably prudent matter.

20. It is reasonably foreseeable that any employee picking up packages or simply located anywhere near the shelf would be injured if it fell.

21. BREAUNA MILLER's injuries are the type reasonably foreseeable as a result of the hazard of not properly securing the shelf.

22. Defendants had actual or constructive notice of the hazard prior to the time of BREAUNA MILLER's injury as they knew the shelf was not properly secured.

COMPLAINT

23. Defendants breached the duty of care owned to BREAUNA MILLER by failing to properly secure the shelf and making no effort to warn BREAUNA MILLER of the danger.

24. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to her general and compensatory damage in an amount in excess of the minimum required amount for access to this court.

25. That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER was required to incur expenses for medical care, treatment and expenses incidental thereto, in excess of $425,000, all to her damage in a present amount yet unknown at this time, and will be required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, surgery, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

26. That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of the minimum required amount for access to this court, and in this regard the BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

27. That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has been unable to work and has suffered a loss of wages, and has suffered a loss of earning capacity, in an amount presently unascertained; that in this regard, BREAUNA MILLER prays leave of the Court to insert

COMPLAINT

all said damages herein when the same have been fully ascertained or proven at the time of trial.

**SECOND CLAIM FOR RELIEF**

**(Premises Liability against FEDEX OFFICE AND PRINT SERVICES, INC., DOE EMPLOYEES, DOE I through X and ROE CORPORATIONS I through X)**

28. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

29. Defendants had a duty to maintain the Premises in a reasonably safe condition and were negligent in the following respects:

   a. Defendants negligently, carelessly, and improperly created a dangerous condition in an area that was openly accessible to BREAUNA MILLER and other employees, creating an unsafe condition, without taking precautions to prevent harm to BREAUNA MILLER and other employees.

   b. The unsafe and unsecured shelf was a dangerous condition, that created a substantial risk of injury to reasonably foreseeable users, even when used with due care.

   c. There was no warning as to the existence of the dangerous condition.

30. It is reasonably foreseeable that any employee removing packages from the shelf would be injured.

31. BREAUNA MILLER's injuries are of the type reasonably foreseeable as a result of the dangerous condition.

32. Defendants had actual or constructive notice of the dangerous condition prior to the time of BREAUNA MILLER 's injury.

33. BREAUNA MILLER's injuries were caused solely and proximately by the Defendants' negligence and without any contributory negligence on the part of BREAUNA MILLER.

34. Defendants' negligence, as alleged above, was the proximate cause of

COMPLAINT

BREAUNA MILLER's injuries incurred.

35. As a direct and proximate cause of the negligence of Defendants, BREAUNA MILLER sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to her general and compensatory damage in an amount in excess of the minimum required amount for access to this court.

36. That as a direct and proximate result of the negligence of Defendants, BREAUNA MILLER was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her damage in a present amount yet unknown at this time, and will be required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, surgery, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

37. That as a direct and proximate result of the negligence of Defendants, BREAUNA MILLER has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of the minimum required amount for access to this court, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial.

38. That as a direct and proximate result of the negligence of Defendants, BREAUNA MILLER has been unable to work and has suffered a loss of wages, and has suffered a loss of earning capacity, in an amount presently unascertained; that in this regard, BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial.

39. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER has been unable to work and has

COMPLAINT

suffered a loss of wages, and has suffered a loss of earning capacity, in an amount presently unascertained; that in this regard, BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial.

40. It has been necessary for BREAUNA MILLER to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorneys' fees and costs of suit incurred herein.

### THIRD CLAIM FOR RELIEF

**(Negligence - Vicarious Liability against FEDEX OFFICE AND PRINT SERVICES, INC., DOE I through X and ROE CORPORATIONS I through X)**

41. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

42. On or about October 16, 2019, Defendant Doe Employees were working for Defendant Fedex Express, while in the course and scope of their employment, so that Defendant Fedex Express is vicariously liable for damages to BREAUNA MILLER under the theory of Respondeat Superior.

43. On or about October 16, 2019, Defendant Doe Employees were working for Defendants Does I through X and/or Roe Corporations I through X, while in the course and scope of their employment, so that Defendants Does I through X and/or Roe Corporations I through X, is vicariously liable for damages to BREAUNA MILLER under the theory of Respondeat Superior.

### FOURTH CLAIM FOR RELIEF

**(Negligent Hiring, Supervision and Training against FEDEX OFFICE AND PRINT SERVICES, INC., DOE I through X and ROE CORPORATIONS I through X)**

44. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

45. Defendants had a duty to properly hire, train and supervise each of their staff and/or other agents.

46. As described in detail in the above paragraphs, incorporated herein, these Defendants failed to meet this obligation and breached this duty to adequately hire, train and supervise their staff and/or other agents.

47. As a direct and proximate result of the negligence of the Defendants, and each of them, BREAUNA MILLER suffered damage in an amount in excess of the minimum required amount for access to this court.

48. Defendants' failure was the proximate cause of substantial injury to BREAUNA MILLER.

49. It has been necessary for BREAUNA MILLER to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorneys' fees and costs of suit incurred herein.

**FIFTH CLAIM FOR RELIEF**

**(Negligence Against ROE DISTRIBUTORS, ROE MANUFACTURERS, ROE DESIGNERS, ROE CORPORATIONS and DOE/ROE Defendants)**

50. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

51. The Defendants had a duty to distribute only a safe shelf.

52. If the shelf could not be put into a safe condition, then the Defendants had a duty to ensure that the shelf was not used or distributed, or recalled.

53. The Defendants acted wrongfully and negligently in failing to remove shelves that posed a risk of injury to people while in use.

54. The Defendants acted wrongfully and negligently in creating and maintaining a dangerous condition that could not easily, or at all, be seen by an ordinary person exercising due care while handling or being in close proximity to the shelf.

55. As a direct and proximate cause of the negligence, carelessness, and/or

recklessness of Defendants, BREAUNA MILLER sustained severe bodily trauma, all or some of which may be permanent and disabling in nature all to her general and compensatory damage in an amount in excess of the minimum required amount for access to this court.

56. That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her damage in a present amount yet unknown at this time, and will be required in the future to incur expenses for medical care and treatment, including physicians, nurses, physical therapists, surgery, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

57. That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of the minimum required amount for access to this court, and in this regard the BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

58. That as a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has been unable to work and has suffered a loss of wages, and has suffered a loss of earning capacity, in an amount presently unascertained; that in this regard, BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial.

**SIXTH CLAIM FOR RELIEF**

**(Strict Products Liability – Design)**

**(Against ROE DISTRIBUTORS, ROE MANUFACTURERS, ROE DESIGNERS, ROE CORPORATIONS and DOE/ROE Defendants)**

59. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

60. Upon information and belief, ROE DISTRIBUTORS, ROE MANUFACTURERS, ROE DESIGNERS, ROE CORPORATIONS and/or DOE/ROE Defendants, designed, in whole or in part, an unstable shelf that was not fit to be used to store packages.

61. Defendants were in the business of designing, manufacturing selling and distributing the shelf to other distributors and buyers.

62. Upon information and belief, the shelf was defective, hazardous and dangerous and was not fit to be used in the manner it was intended or for people to be within its proximity. Also, the ordinary use of this product created an unreasonable risk of serious bodily injury to its foreseeable users and to the general public.

63. BREAUNA MILLER's injuries were caused, in whole or in part, when the unstable shelf fell on her.

64. As a direct and proximate cause of the shelf, BREAUNA MILLER sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to her general and compensatory damage in an amount in excess of the minimum required amount for access to this court.  In addition, BREAUNA MILLER was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same

COMPLAINT

have been fully ascertained or proven at the time of trial herein.

65. As a direct and proximate result of the shelf, BREAUNA MILLER has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of the minimum required amount for access to this court, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

66. At the time of the events described herein, BREAUNA MILLER was gainfully employed and was earning a steady income.  As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, BREAUNA MILLER was prevented from attending to her usual occupation and has been damaged thereby, the exact amount of which is unknown at the present time.

67. It has been necessary for the BREAUNA MILLER to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

**SEVENTH CLAIM FOR RELIEF**

**(Strict Products Liability – Failure to Warn)**

**(Against ROE DISTRIBUTORS, ROE MANUFACTURERS, ROE DESIGNERS, ROE CORPORATIONS and DOE/ROE Defendants)**

68. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

69. Upon information and belief, the shelf was unsafe, hazardous and dangerous and was not fit to be used in the manner it was intended. Also, the ordinary use of this product created an unreasonable risk of serious bodily injury to its foreseeable users and to the general public.

70. The Defendants knew or should have known of the unsafe condition and the

COMPLAINT

risks associated with the unsafe and unsecured shelf.

71. The BREAUNA MILLER neither knew, nor had reason to know at the time of her removing her packages from the shelf, that the shelf was defective and hazardous.

72. The Defendants failed to warn that the shelf was in a dangerous condition.

73. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to her general and compensatory damage in an amount in excess of the minimum required amount for access to this court. In addition, BREAUNA MILLER was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

74. As a direct and proximate result of the Defendants failure to warn, BREAUNA MILLER has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of the minimum required amount for access to this court, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

75. At the time of the events described herein, BREAUNA MILLER was gainfully employed and was earning a steady income. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, BREAUNA MILLER was prevented from attending her usual occupation and has been damaged thereby, the exact amount of which is unknown at the present time.

76. It has been necessary for the BREAUNA MILLER to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

**EIGHTH CLAIM FOR RELIEF**

**(Strict Products Liability – Sellers)**

**(Against ROE DISTRIBUTORS, ROE MANUFACTURERS, ROE DESIGNERS, ROE CORPORATIONS and DOE/ROE Defendants)**

77. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

78. Defendants sold the shelf into the stream of commerce to include but not limited to, distributors and final consumers of the shelf.

79. Upon information and belief, the shelf was unsafe, hazardous and dangerous and was not fit to be used in the manner it was intended. Also, the ordinary use of this product created an unreasonable risk of serious bodily injury to its foreseeable users and to the general public.

80. The Defendants knew or should have known of the unsafe condition and the risks associated with the unsafe and unsecured shelf.

81. The BREAUNA MILLER neither knew, nor had reason to know at the time of her removing her packages from the shelf, that the shelf was defective and hazardous.

82. The Defendants failed to warn that the shelf was in a dangerous condition.

83. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to her general and compensatory damage in an amount in excess of the minimum required amount for access to this court.  In addition, BREAUNA MILLER was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an  amount unknown at this time, and may be required in the future to incur

COMPLAINT

expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

84. As a direct and proximate result of the Defendants failure to warn, BREAUNA MILLER has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of the minimum required amount for access to this court, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

85. At the time of the events described herein, BREAUNA MILLER was gainfully employed and was earning a steady income. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, BREAUNA MILLER was prevented from attending her usual occupation and has been damaged thereby, the exact amount of which is unknown at the present time.

86. It has been necessary for the BREAUNA MILLER to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

### NINTH CLAIM FOR RELIEF
### (Strict Products Liability – Manufacturers)
### (Against ROE MANUFACTURERS, ROE CORPORATIONS and DOE/ROE Defendants)

87. Plaintiff repeats and realleges each and every allegation set forth above in this Complaint as though each were fully set forth herein.

88. Defendants designed and produced the unsafe shelf, in whole or in part,

COMPLAINT

which ended up in the stream of commerce, to include but not limited to, distributors and final consumers of the shelf.

89. Upon information and belief, the shelf was unsafe, hazardous and dangerous and was not fit to be used in the manner it was intended. Also, the ordinary use of this product created an unreasonable risk of serious bodily injury to its foreseeable users and to the general public.

90. The Defendants knew or should have known of the unsafe condition and the risks associated with the unsafe and unsecured shelf.

91. The BREAUNA MILLER neither knew, nor had reason to know at the time of her removing her packages from the shelf, that the shelf was defective and hazardous.

92. The Defendants failed to warn that the shelf was in a dangerous condition.

93. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendants, BREAUNA MILLER sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to her general and compensatory damage in an amount in excess of the minimum required amount for access to this court.  In addition, BREAUNA MILLER was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard BREAUNA MILLER prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

94. As a direct and proximate result of the Defendants failure to warn, BREAUNA MILLER has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of the minimum required amount for access to this court, and in this regard BREAUNA MILLER prays leave of the Court to

COMPLAINT

insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

95. At the time of the events described herein, BREAUNA MILLER was gainfully employed and was earning a steady income. As a further proximate result of the negligence of Defendants, and each of them, as herein alleged, BREAUNA MILLER was prevented from attending her usual occupation and has been damaged thereby, the exact amount of which is unknown at the present time.

96. It has been necessary for the BREAUNA MILLER to retain the services of counsel to represent her in the above-entitled matter, and she should be awarded reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

Wherefore, BREAUNA MILLER prays for relief and judgment as against Defendants as follows:

1. Compensatory damages in an amount in excess of the minimum required amount for access to this court according to proof at trial;
2. Punitive damages;
3. Interest from the time of service of this complaint as allowed by NRS 17.130;
4. Costs of suit and attorney fees; and
5. For such other and further relief as the court may deem appropriate.

COMPLAINT

**Jury Demand**

Plaintiff hereby demands a trial by jury.

DATED this 4th day of October 2021.        H&P LAW

*/s/ Bre'Ahn Williams*
Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Bre'Ahn Williams, Esq.
Nevada Bar No.: 15672
Attorneys for Plaintiff

COMPLAINT