UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BREAUNA MILLER,<br><br>　　　　　　　　　PLAINTIFF,<br>　v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC.; A FOREIGN CORPORATION, DOE EMPLOYEES; ROE DISTRIBUTORS I-V; ROE MANUFACTURERS I-V; ROE DESIGNERS I-V; DOES I THROUGH X; AND ROE CORPORATIONS I THROUGH X, INCSLUSIVE<br><br>　　　　　　　　　DEFENDANTS. | Case No. 2:21-cv-01917-APG-BNW<br><br>ORDER |

**I. SUMMARY**

Before the Court are Plaintiff Breauna Miller's ("Miller") Motion to Remand to State Court (ECF No. 13), Motion to Amend/Correct Petition for Removal (ECF No. 16), Motion for Sanctions (ECF No. 24), and Supplemental Motion for Sanctions (ECF No. 34). For reasons explained below, this Court GRANTS Miller's Motion to Amend (ECF No. 16) and Motion to Remand (ECF No. 13) and, in the interest of comity, declines to decide Miller's Motion for Sanctions (ECF No. 24) and Supplemental Motion for Sanctions (ECF No. 34).

**II. BACKGROUND**

On October 4, 2021, Miller sued Defendant FedEx Office and Print Services, Inc. ("FedEx") in Nevada state court after a shelving rack tipped over onto her at a FedEx Express on October 16, 2019, and allegedly injured Miller. (ECF No. 1-2 at ¶ 12-16). Miller also named Doe employees and Roe manufacturers, distributors, and designers. (*Id.* at ¶ 3). Miller alleged that "Employees Doe" included those "Doe/Roe Defendants . . . that caused the shelf to fall over, and

1

1 are residents of Clark County, State of Nevada." (*Id.*).

2 On October 18, 2021, FedEx filed a petition of removal to remove this action to federal court based on diversity jurisdiction. (ECF No. 1 at 1). In her state court complaint, Miller alleged she had already incurred expenses "in excess of $425,000" and prayed for compensatory damages "in an amount in excess of the minimum required amount for access to this court. . . ." in accordance with Nevada Rule of Civil Procedure 8. (ECF No. 1-2 at 6, 18). Miller is a citizen of the State of Nevada. (ECF No. 1-2 at ¶ 1). FedEx is incorporated in Texas and has its principal place of business in Texas. (ECF No. 1 at 1).

On February 8, 2022, Miller filed a motion to amend her complaint to join as named defendants two FedEx employees who were working in the store on the day Miller was allegedly injured—Dustin Dupper and Edmund DeJesus. (ECF No. 12). Miller filed a motion to remand on the same day, arguing that joining Dupper and/or DeJesus would defeat diversity jurisdiction as they, like Miller, are allegedly residents of the State of Nevada. (ECF No. 13 at 4).

On February 9, 2022, Magistrate Judge Weksler denied Miller's motion to amend without prejudice and ordered the parties to meet and confer regarding Miler's proposed amended complaint. (ECF No. 14).

On February 10, 2022, Miller filed a second motion to amend her complaint again attempting to join Dupper and DeJesus as named defendants. (ECF No. 16).

On February 22, 2022, FedEx responded to Miller's motion to remand and second motion to amend. (ECF No. 18). FedEx argues that Miller "seeks to add a non-diverse defendants [sic] to this case to defeat diversity so the case will be remanded to state court." (*Id.* at 1). FedEx further argues that—although the statute of limitations against individual FedEx employees has expired in state court—remand is not necessary because the employees were admittedly acting in the course of their employment and FedEx would be vicariously liable for their

1    actions. (*Id.* at 4).

2    On February 24, 2022, Miller filed her reply—arguing that FedEx's arguments
3    are inapposite as Miller seeks to substitute known defendants for Doe
4    defendants, rather than adding new named defendants. (ECF No. 19 at 2-3).

5    **III.    LEGAL STANDARD**

6    Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state
7    to federal court if original jurisdiction would lie in the court to which the action
8    is removed. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).
9    Here, the parties agree that this action's basis for federal jurisdiction—if it exists
10   at all—is diversity jurisdiction. Diversity jurisdiction exists where more than
11   $75,000 is in controversy and the action is between citizens of different states.
12   28 U.S.C. § 1332.

13   A plaintiff can challenge removal with a motion to remand. "If after removal
14   the plaintiff seeks to join additional defendants whose joinder would destroy
15   subject matter jurisdiction, the court may deny joinder, or permit joinder and
16   remand the action to the State court." 28 U.S.C. § 1447(e). "[T]he citizenship of
17   fictitious defendants is disregarded for removal purposes and becomes relevant
18   only if and when the plaintiff seeks leave to substitute a named defendant."
19   *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Allowance of
20   substitution and remand is favored "where the plaintiff's descriptions of the Doe
21   defendants 'provide a reasonable indication of their identity, the relationship to
22   the action, and their diversity-destroying citizenship." *Valdez v. Home Depot
23   U.S.A., Inc.*, No. 22-CV-01491-DMR, 2022 WL 4137691 at *3 (N.D. Cal. Aug. 25,
24   2022) (quoting *Robinson v. Lowe's Home Centers, LLC*, No. 1:15-CV-1321-LJO-
25   SMS, 2015 WL 13236883 (E.D. Cal. Nov. 13, 2015)). "Legislative history confirms
26   that Congress intended 28 U.S.C. § 1447(e) as a solution to allow joinder of a
27   non-diverse Doe defendant." *Id.* (citing H.R. Rep. No. 100-889 at 71); *see also*
28   *Bartfeld v. AMCO Ins. Co.*, No. 22-cv-05075-TSH, 2022 WL 16698687 (N.D. Cal.

1 | Nov. 3, 2022) (citing same).

2 |     The removal statute is strictly construed against removal jurisdiction. *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* at 1057 (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

### IV. DISCUSSION

The parties do not dispute that Miller is a citizen of Nevada and Defendant is incorporated in Texas and has its principal place of business in Texas. (ECF No. 1 at 1). Nor is the amount in controversy reasonably in question. Miller's Complaint avers damages in excess of $400,000. (ECF No. 1-2 at 6). Rather, the parties dispute whether now-known FedEx employees DeJesus and Dupper can be substituted for the Doe Employees identified in Miller's Complaint.

Miller's Complaint identifies then-Does DeJesus and Dupper as "Defendants, that caused the shelf to fall over, and are residents of Clark County, State of Nevada." (ECF No. 1-2 at ¶ 3). Citizenship is determined by domicile, which is a person's permanent home—where he resides with the intention to remain or where he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While an allegation of residence alone does not establish citizenship, *see Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016), here Miller's Complaint at least points to Nevada citizenship for the FedEx employees later determined to be DeJesus and Dupper.

This is not a case where Miller knew of the identities of the Doe defendants, neglected to include them in the suit, and only attempted to join them after significant delay. *See, e.g., 3WL, LLC v. Master Prot., LP*, 851 F. Appx. 4, 7 (9th Cir. 2021) ("The timing of the motion also raised serious questions about ProPortion's intent to destroy diversity, as ProPortion knew of Fenner's existence when it commenced this suit yet did not seek to join him until FireMaster moved

to dismiss."). Rather, here Miller specifically named fictitious defendants who, upon information and belief, were residents of the State of Nevada and who allegedly caused the shelf to tip over. (ECF No. 1-2 at ¶ 3). Miller only learned of the identities of the FedEx employees during discovery and promptly sought remand. (ECF No. 16 at 7). Miller's description of the FedEx Doe employees described their identity (FedEx employees), their relation to the action (Miller alleges they caused the shelving unit to fall), and their diversity-destroying citizenship (as residents of Clark County, Nevada). This is sufficient to allow joinder given this Court's broad discretion to do so. *See Valdez*, 2022 WL 4137691 at *3.

Moreover, surveillance video allegedly shows DeJesus or Dupper on the other side of the shelf arranging packages just before it fell. (ECF No. 16 at 8). Other judges in this district have found substitution of Doe employees appropriate when the Doe defendant Plaintiff sought to substitute had a "direct relationship to the injury. . . ." *McClendon v. Walmart, Inc.*, No. 2:20-CV-00474-JAD-DJA, 2020 WL 3268734 at *3 (D. Nev. June 17, 2020) (citing *Patton v. Wal-Mart Stores, Inc.*, No. 2:16-CV-244-JCM-VCF, 2016 WL 7378989 (D. Nev. Dec. 19, 2016); *Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-CV-1650 JCM PAL, 2013 WL 596098 (D. Nev. Feb. 15, 2013)).

Given that the statute of limitations in state court have expired (ECF No. 18 at 4:20) such that Miller could not sue DeJesus and Dupper in state court, Miller's lack of delay in filing her motions to remand and amend, Miller's specific inclusion of the Doe FedEx Employee defendants in her complaint, and the proximity of Dupper and DeJesus to the incident that allegedly caused Miller's injuries, FedEx has not overcome its burden given the "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc.*, 599 F.3d at 1107.

Therefore, this Court GRANTS Miller's Motion to Amend (ECF No. 16). Given that joining Dupper and DeJesus defeats diversity jurisdiction, this Court must

also GRANT Miller's Motion to Remand (ECF No. 13).

As this Court lacks subject matter jurisdiction and is granting Miller's motion to remand, principles of comity require this Court to allow the Nevada state court to address Miller's motions for sanctions (ECF Nos. 24, 34).

**V. CONCLUSION**

For the foregoing reasons, Miller's Motion to Remand to State Court (ECF No. 13), and Motion to Amend/Correct Petition for Removal (ECF No. 16) are GRANTED.

This action is hereby remanded to the Eighth Judicial District Court for the State of Nevada. This Court declines to adjudicate Miller's Motions for Sanctions (ECF No. 24 and 34) in the interest of comity.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED THIS 18th day of November 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE